IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HALL and JOHN R. WILLEY, III, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. Action No. 14-890-GMS |
| | ) |
| WARDEN DAVID PIERCE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiffs, James Hall ("Hall") and John R. Willey, III ("Willey"), inmates at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit as a motion for injunctive relief on July 8, 2014. (D.I. 3, 4, 5.) Hall filed an amended complaint on August 19, 2014. (D.I. 11.) Hall proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 12.) The court now proceeds to review and screen the motion for injunctive relief/complaint and its amendment pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

The original pleading invoked 42 U.S.C. § 1983 and sought a writ of habeas corpus.[1] On July 30, 2013, the court entered an order for Willey to submit a motion for leave to proceed in forma pauperis and a copy of his prison trust account statement and warned that he faced dismissal should he fail to comply with the order. (D.I. 7.) The order required the plaintiffs to indicate whether they wished the matter to proceed as a habeas corpus proceeding or as a civil

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

rights proceeding. The plaintiffs were also ordered to provide more detail so that the court could evaluate whether their joinder was appropriate.

Willey did not comply with the order and, therefore, he will be dismissed as a plaintiff. Hall complied with the order and advised the court that he wished the matter to proceed as a civil rights action pursuant to 42 U.S.C. § 1983. Two weeks later he filed an amended complaint. (D.I. 11.)

The original filing, a motion for injunctive relief, is filed against the defendants Warden David Pierce ("Pierce"), Sgt. D. Doane ("Doane"), Sgt. W. Williams ("Williams"), Sgt. Austin (Austin"), and Delaware Department of Correction ("DOC") Commissioner Perry Phelps ("Phelps"). The initial filing alleges violations of Hall's right to due process with regard to his conditions of confinement, beginning on May 19, 2014 when he was sent to the maximum housing unit. Hall is a pretrial detainee and, as of August 2014, remains in the housing unit. The amended complaint adds three defendants, Correct Care Solutions, LLC ("CCS"), Medical Director Bernard Addogoh ("Addogoh"), and nurse Jane Doe ("Doe") and alleges that Hall sustained a fractured hand/finger in June 2014 followed by medical treatment Hall does not consider adequate.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner

2

seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Hall *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Hall leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

3

Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(1)(a)(2), which is also applicable, states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (2)(A) and (B).

"In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. 2011) (unpublished).

## III. DISCUSSION

The motion/complaint and its amendment contain unrelated claims against unrelated defendants in violation of Fed. R. Civ. P. 20(a). One raises due process/conditions of confinement claims and the other raises medical needs claims. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).

In the amended complaint, Hall asserts unrelated claims and adds defendants. The medical needs claims do not arise out of the same transaction or occurrence and do not involve issues of law or fact common to the original defendants. The court, therefore, will strike the amended complaint. Should Hall wish to raise the medical needs claims, he has available to him

4

the option of filing a new complaint. *See Smith v. Kirby*, 53 F. App'x 14, 16 (10th Cir. 2002) (unpublished) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court. . . .").

Hall has alleged what appear to be cognizable due process claim and will be allowed to proceed on the original motion/complaint.

## IV. CONCLUSION

For the above reasons, the court will strike the amended complaint (D.I. 11.) CCS, Addogoh, and Doe will be dismissed as defendants. The court will allow Hall to proceed on the original motion/complaint.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_Nov 21_, 2014
Wilmington, Delaware

5