IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HALL, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. Action No. 14-890-GMS<br>) |
| WARDEN DAVID PIERCE, et al., | )<br>) |
| Defendants. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff James Hall ("Hall"), a former inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (*See* D.I. 12.)

**II. BACKGROUND**

Hall requests counsel on the grounds that he: (1) has made a good faith effort to obtain counsel; (2) proceeds *pro se* and is unable to pay for counsel; (3) is at a disadvantage as the issues are complex and credibility is an issue; (4) has been diagnosed with severe carpal tunnel and is schedule for surgery on the right hand in February 2017 and elective surgery on the left hand in the near future; (5) has no formal training in the law; and (6) counsel will be necessary to cross examine witnesses. (D.I. 54.)

**III. DISCUSSION**

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to



representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing the plaintiff's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate the plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew the plaintiff's request for counsel. (D.I. 54.) Should the need for counsel arise later, one can be appointed at that time.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

## IV. CONCLUSION

For the above reasons, the court will deny Hall's request for counsel. (D.I. 54.)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____May 16_____, 2017
Wilmington, Delaware

3