IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| JAMES E. HALL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | C.A. No. 14-890 (MN) |
| WARDEN DAVID PIERCE, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM

1. **Introduction**. Plaintiff James Hall ("Hall"), a former pretrial detainee at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, now confined at the Washington County Detention Center in Hagerstown, Maryland, filed this action pursuant to 42 U.S.C. § 1983. (*See* D.I. 3, 4, 5). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 12). On January 4, 2019, the Court granted Defendants' motion for summary judgment and denied Plaintiff's request for counsel, motion to amend, and motion for injunctive relief. (D.I. 87, 88, 89). Plaintiff moves for reconsideration. (D.I. 90).

2. **Motion for Reconsideration**. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

3. Plaintiff moves for reconsideration on the grounds that summary judgment should not have been entered for Defendants David Pierce, D. Doane, or Commissioner Phelps. (D.I. 90

at 1). Plaintiff argues summary judgment was prematurely granted as to Doane and Plaintiff has a legally meritorious suit. Plaintiff argues whether Phelps had personal involvement remains an issue in dispute. Finally, Plaintiff argues that Pierce and Phelps were the final decisionmakers with regard to his housing assignment, they were aware of the conditions where he was housed, and summary judgment was not appropriate on their behalf.

4. The Court has again reviewed the motions filed by the parties, their respective positions, the evidence of record, and the applicable law. Plaintiff's motion for reconsideration fails on the merits because he has not set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by the Court to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Therefore, the motion for reconsideration will be denied.

5. **Conclusion**. The Court will deny the motion for reconsideration. (D.I. 90). An appropriate order will be entered.

/s/ Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge

January 31, 2019
Wilmington, Delaware

2